**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0561, <u>Petition of State of New Hampshire (State v. Schefer)</u>, the court on July 26, 2019, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, the State of New Hampshire, filed a petition for a writ of certiorari, <u>see</u> <u>Sup. Ct. R.</u> 11, challenging an order from the Superior Court (<u>Anderson</u>, J.) ordering a <u>voir</u> <u>dire</u> of the complainant immediately prior to a <u>Hungerford</u> hearing for the sole purpose of determining whether the complainant's memory was repressed and recovered. <u>See</u> <u>State v. Hungerford</u>, 142 N.H. 110, 119 (1997) (explaining that when challenged, "testimony that relies on memories which previously have been partially or fully repressed must satisfy a pretrial reliability determination" which may require the trial court to hold a pretrial hearing on admissibility). We affirm.

This case arises out of allegations of sexual assault by defendant David Schefer over thirty-five years ago, when the complainant was approximately five years old. In April 2014, the complainant began seeing a therapist for reasons unrelated to the alleged abuse. Shortly thereafter, in July 2014, the complainant reported the alleged abuse to the police and said her memories were "fragmented and are slow and hard to recall." The defendant was charged with four counts of aggravated felonious sexual assault.

The defendant, alleging that the complainant's memories were repressed, moved for a <u>Hungerford</u> hearing. "<u>Hungerford</u> requires the trial court to make a pretrial determination of whether the memory is repressed or continuous" and "prohibits the admission of unreliable testimony based upon repressed memory." <u>State v. Gibson</u>, 153 N.H. 454, 458 (2006). A "trial court [can] compl[y] with the <u>Hungerford</u> requirements by conducting a pretrial evidentiary hearing and determining" whether the memories are repressed and recovered or continuous. <u>Id</u>.; <u>see also</u> <u>State v. Madore</u>, 150 N.H. 221, 223-24 (2003).

The State moved to cancel the <u>Hungerford</u> hearing, "arguing that Defendant has not established the existence of a repressed memory, which is a necessary predicate to a <u>Hungerford</u> hearing." In ruling on the State's motion, the trial court ordered a <u>voir</u> <u>dire</u>, to be conducted by the trial court or the State, to determine whether the complainant's memories are repressed and recovered or continuous, and thus whether it would be appropriate to proceed

with a Hungerford hearing. The trial court explained that although it "does not believe that Defendant is entitled to a Hungerford hearing based on the record . . . at this time," it "nevertheless believes that [an opportunity for voir dire] is warranted given the [complainant]'s statements to the police, . . . the age of the [complainant] at the time of the alleged abuse, [and the defendant's expert] report that questioned the techniques used by [the complainant's therapist]." This appeal by the State followed.

On appeal, the State argues that the trial court erred in ordering a voir dire of the complainant because the evidence before the trial court did not establish the presence of repressed memories that would trigger a Hungerford hearing. The State contends that, because the defendant did not meet his burden to establish the factual predicate for a Hungerford hearing, the trial court erred when it ordered a pre-Hungerford voir dire. The State also argues that because the trial court previously determined that the complainant had no repressed memories in a different criminal case in which a different defendant was convicted of abusing the complainant, the issue of whether repressed memories exist in this case has already been resolved. The defendant counters that the trial court did not err; rather, it followed the direction we provided in Hungerford that trial courts must make a threshold determination of whether the memory is repressed and recovered or continuous. We agree with the defendant.

When reviewing a trial court's ruling as to whether and how to conduct a hearing or voir dire relating to recovered repressed memories, we will reverse only for an unsustainable exercise of discretion. See Gibson, 153 N.H. at 457. To sustain its burden, the State must show that the trial court's decision was unreasonable to the prejudice of its case. Id.

"The existence of repressed memory . . . is a necessary precursor to [a Hungerford] hearing; only when repressed memory exists is a hearing held to determine its reliability." Madore, 150 N.H. at 224. Here, the trial court concluded that "[w]ithout conducting a voir dire examination of the [complainant] prior to trial, [it] cannot be certain whether the complainant is claiming that she has had a continuous memory of the alleged assaults or whether she is claiming that at some point she recovered memories." Therefore, given our substantial deference to the trial court on these matters, we cannot say that under these circumstances the trial court unsustainably exercised its discretion when it ordered a pre-Hungerford voir dire of the complainant.

We also reject the State's contention that the trial court's determination in a previous case that the complainant did not have repressed memories precludes the need for a determination in this case. The previous determination was made in a different case involving a different defendant, a

2

different time period, and a different set of memories.  Thus, the earlier determination is not dispositive of the issue in this case.

Affirmed.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,**
**Clerk**